BIGELOW, Administrator, etc., *vs.* PATON.

The plaintiff's intestate, a few days before his decease, put into the hands of defendant a sum of money, with instructions to pay certain bills with a portion of it, and to dispose of the balance to suit himself. Defendant paid out $9 before, and $109 after the intestate's death, leaving $303 of the amount not disposed of. *Held*, there was no absolute disposition of the money by the intestate, to prevent its becoming assets of his estate.

Where the defendant admitted that he received of the plaintiff's intestate one or the other of two certain amounts, and on the trial omitted to show which: *Held*, that he was properly charged with the larger sum.

Case made from Wayne Circuit.

*D. C. Holbrook*, for plaintiff.

*Chipman & Bigelow*, for defendant.

By the Court, JOHNSON, J.

This cause comes into this Court on a case made by the defendant, from the Circuit Court of Wayne county.

It appears from the record in the case, that some two or three days before the decease of Scott, who died intestate, he delivered over to the defendant one hundred dollars in money, and a draft of three hundred and twenty-two dollars, on which draft the defendant has since realized the money.

On being inquired of by the defendant what disposition he should make of the money, he was told by Scott to pay certain bills, specifying them, and to dispose of the balance to suit himself. In pursuance of such direction, the defendant paid out the sum of nine dollars before, and the sum of one hundred and nine dollars after the death of the intestate.

Upon these facts the Court below rendered judgment against the defendant in favor of the plaintiff, for the sum of three hundred and three dollars damages, and costs of suit.

The following errors are assigned by defendant, viz.:

1. That the Court below erred in finding that there had been no absolute disposition of the property in question, to prevent it becoming assets of the estate.

2. That the Court erred in finding that there was three hundred and three dollars due.

We are well satisfied with the finding of the Court below. We think the evidence will not warrant the conclusion that this was intended as a gift.

Besides, there is evidence going to show that the defendant himself did not regard it in that light. David McLean testifies that the defendant told him that, after paying the funeral and other expenses, if there was anything left, he

was going to send it to Scott's sister, in New York, and thinks he said that he had written to ascertain her place of residence.

As to the other point in the case, we see no difficulty. The only evidence, as to the amount the defendant received, were the admissions of the defendant before the Probate Court; he there admitted that he received one hundred dollars in money and a draft of three hundred and two, or three hundred and twenty-two dollars.

The Court below charged him with the larger sum, and, we think, very properly. It was in his power, on the trial, to have shown the precise amount of the draft, and not having done so, the presumption is against him.

It appears from the record that one of the bills specified by Scott, had not been paid by defendant, and it was contended by counsel in his behalf that the means in his hands were held in trust for the payment of all these bills, and that no recovery could be had until the trust should be executed by defendant after the decease of Scott. The plaintiff did not claim any portion of the money paid out, and the defendant having failed to show the amount of said unpaid bill, which at most would be the extent of his credit, cannot defeat the action on that ground.

The judgment of the Court below must be affirmed.

Present, Wing, Johnson, Bacon, Martin, Copeland and Green, J. J.

Douglass, J., did not participate, having decided the cause below.